COMMONWEALTH *v.* CITY OF LEXINGTON.

[Abstract Kentucky Law Reporter, Vol. 6—520.]

**Statute of Limitations.** ·

    The five year statute of limitations applies to the state the same as to an individual and will be held as a bar to an action brought by the state against a city to recover a debt.

**Recovery of Money for School Purposes.**

    Section 12, ch. 463, of the Acts of 1869-70 does not repeal § 77, ch. 1433, Acts 1867, which provides that, "All fines in prosecutions in the name of the commonwealth in said court (the city court) shall be by the mayor and board of councilmen invested for the benefit of the public schools of Lexington," etc., and hence the state can not recover such money from the city. ·

APPEAL FROM FAYETTE CIRCUIT COURT. ·

January 17, 1885.

OPINION BY JUDGE PRYOR:

This action was instituted by the Auditor's Agent in the name of the Commonwealth of Kentucky against the city of Lexington, to recover the amount of certain fines and forfeitures collected by the city of judgments rendered by the courts of that municipality for the violation of the penal laws, etc., committed within the city limits or of which that court had jurisdiction. Also to recover certain annual dues which it alleged the Charter of the city required to be paid over to the Treasury of the state in lieu of such fines.

These demands on the part of the Commonwealth against the city, originated as far back as the year 1836 and became due annually or from the date of collection beginning at that period and terminating at the institution of this action on the 7th of May in the year 1883.

Various defenses were interposed by the city and among them the five years' statute of limitations which in our opinion disposes of the claim of the state except as to such sums as have been collected within five years next preceding the institution of the action.

By section 10 of article 3 of chapter 71, General Statutes, it is provided that "the limitation prescribed in this chapter shall apply to actions brought by or in the name of the Commonwealth in the same manner as to actions by private persons, except where a different time is prescribed by some other chapter in this revision." By article 3 of this chapter on limitation an action against a sheriff, clerk, constable, guardian or trustee, on his official bond, he is bound after the lapse of fifteen years after the cause of action accrued. Nothing will prevent the statute from running except by reason of those laboring under disabilities when the exception is expressly reserved. Actions upon contracts, not in writing, upon a liability created by statute where no other time is fixed, etc., shall be instituted within five years next after the cause of action accrued. Sections 1 and 2, chapter 71, General Statutes.

The limitation mentioned in both of these sections as well as the limitation prescribed in that chapter is made to apply in express terms to the Commonwealth. Here the claims or demands were due the state as far back as the year 1836, near half a century prior to the bringing of this action. It is alleged in the petition that the city has misapplied the moneys by appropriating them to its own use during this period. From 1836 up to the present controversy the city of Lexington has asserted its right to the money by making an actual appropriation of it to the use of the city and whether a proper construction of its charter warranted such an application is needless now to inquire. The city was not the agent of the state when it undertook not only to claim the absolute control of these funds, but did actually apply them to its own use since the formation of the city government; or if an agent, after such a lapse of time, with an assertion of right hostile to the state, the question as to the necessity of a demand so as to constitute a cause of action by the

state can not affect the rights of the city. The five years' statute may be pleaded as the state must be presumed to have known of the appropriation of this money by the municipality during this long period, and the liability, if any, having been created by the charter and no other time having been designated as constituting a bar the five years' statute must apply. The statute of limitations applying as well to the state as to the citizen it was incumbent on the state to show an exception, if any exists, to this character of claim, or that a different limitation applies. Chapter 93 does not apply as it prescribes no limitation and besides that act was repealed by the act of 1879-80. It is argued that the judgments and fines were matters of record and therefore the limitation of five years is no obstacle to the recovery. That a judgment was rendered and a fine imposed is evidenced by the record, but from the collection and wrongful appropriation of the money arises the liability of the city and not from the mere fact that the fine was imposed. This court as far back as the year 1864 under a similar provision with reference to limitation contained in the Revised Statutes, held that a bail bond payable to the Commonwealth could not be enforced against surety after the lapse of five years. There is no distinction between a claim asserted by the Commonwealth and that of one of its citizens so far as the statute of limitations is concerned except in cases where a different time is prescribed.

In the case of the *Auditor v. Halbert,* 78 Kentucky 577, a mandamus was obtained against the Auditor to compel him to draw his warrant on the Treasury for eighty dollars in favor of Halbert, a part of whose salary as the Commonwealth's Attorney had been wrongfully paid, as alleged, to an attorney pro tem appointed by the court in Halbert's absence. The statute was pleaded by the state and the plea sustained. The case of the *Trustees of the Male High School of Louisville v. Auditor,* does not militate against this rule. That case arose under the statute of escheats, where the decedent at his death left an estate of some value without heirs or distributees, as was supposed at the time, to take the property. By an act of the legislature the property of such persons escheating as lived within the city of Louisville when there were no heirs to take, was given to the public schools, of that city and that was a contest really as to whether the estate belonged to the school fund or should go into the Treasury. In discussing the facts of that case

and the statute on which it was based this court held that the question of limitation was not involved. ' Where there is a devise and no one to take the property, eight years must elapse before the title vests in the state, and whether there is a devise or not the statute expressly provides that in such cases the Auditor, upon the heir or claimant producing evidence as to the justice of his claim certified to be competent by a majority of the Judges of the Court of Appeals, is required to reimburse or pay over to the proper owner the money. The Auditor's duty is plainly prescribed by the statute. The heir or claimant produces his evidence only and it is no response on the part of the Auditor that you have not appeared in five years, and therefore your claim is barred.

The municipal corporation of the city of Lexington although deriving its existence from the state is liable to sue and be sued and when sued by the state may make the same defenses that could be made if sued by a citizen of the state, unless prohibited by the terms of the Charter, or by some positive statute.

The city of Lexington was the debtor and the state the creditor during all this period and we see no reason why the statute should not operate as a complete bar to so much of the claim as was due for a longer period than five years before the action was brought. The city by a cross appeal insists that no judgment should have been rendered against it for the amount of any fine or forfeiture by reason of an amendment to the charter of the city in 1867 by which "all fines in prosecutions in the name of the Commonwealth in said court (the city court) shall be by the Mayor and Board of Councilmen invested for the benefit of the public schools of Lexington," etc. That they did invest the money as authorized by the amendment and are therefore not liable to the state. See section 77 of Chapter 1433, Acts of 1867.

By an amendment to the City Charter in March, 1870, the jurisdiction of the City Court was transferred to the Recorder's Court of the city and the Council directed to elect that officer in the month of August, 1870, and every three years thereafter. Section 12, Chapter 463 of the Acts of 1869-70, 2 Volume. The mere transfer of the power to render judgments imposing fines, etc., from the one court to the other, or the substitution of the one court for the other did not repeal that provision of the Charter by which the proceeds of fines, etc., were to be appropriated to the public schools. The

schools were still entitled to all such moneys and the state has no interest in the recovery. There is neither an implied nor express repeal of that part of the amendatory act of 1867 by which the right of the state was surrendered to the city for the benefit of its schools. We find no repeal in the Act of March, 1870, or in any act prior thereto, and therefore we see no reason for holding that the state is entitled to the money. The judgment is therefore *reversed* on the cross appeal of the city and for proceedings consistent with this opinion. *Affirmed* on the original appeal.

*Hallam & Myers, J. H. Beauchamp, for appellant.*